IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARMONY BIOSCIENCES MANAGEMENT, INC. and NOVITIUM PHARMA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AET PHARMA US, INC., AET LABORATORIES PRIVATE LIMITED, ALFRED E. TIEFENBACHER (GMBH & CO. KG), SANDOZ INC., SANDOZ PRIVATE LIMITED, and SANDOZ GMBH <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Harmony Biosciences Management, Inc. ("Harmony") and Novitium Pharma LLC ("Novitium") (Harmony and Novitium collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) (collectively, "AET"), and Sandoz Inc., Sandoz Private Limited, and Sandoz GmbH (collectively, "Sandoz") (AET and Sandoz collectively, "Defendants"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and for declaratory judgment of patent infringement under 35 U.S.C. §§ 100, *et seq.*, arising from AET's submission of Abbreviated New Drug Application ("ANDA") No. 218892 (the "AET ANDA") to the United States Food and Drug Administration ("FDA"), in partnership with Sandoz, seeking approval to market generic versions of the pharmaceutical product WAKIX® (pitolisant hydrochloride), 4.45 mg and 17.8 mg tablets, prior

to the expiration of U.S. Patent No. 11,623,920 ("the '920 Patent"), and Defendants' plans to commercially manufacture, use, offer for sale, sell, and/or import such generic products prior to the expiration of the '920 Patent.

## THE PARTIES

2. Plaintiff Harmony Biosciences Management, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 630 W Germantown Pike, Suite 215, Plymouth Meeting, PA 19462. Harmony Biosciences Management, Inc. is the exclusive licensee of the '920 Patent with respect to WAKIX® and the holder of New Drug Application ("NDA") No. 211150 for WAKIX®.

3. Plaintiff Novitium Pharma LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 70 Lake Drive, East Windsor, New Jersey 08520. Novitium is the assignee of the '920 Patent.

4. On information and belief, Defendant AET Pharma US, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 9841 Washingtonian Boulevard, Suite 200, Gaithersburg, Maryland 20878.

5. On information and belief, AET Laboratories Private Limited is a corporation existing under the laws of the Republic of India, having a place of business at Survey No. 42, Gaddapotharam Village, Kazipally Industrial Area, Sangareddy District, Telangana State, 502319, India.

6. On information and belief, Alfred E. Tiefenbacher (GmbH & Co. KG) is a corporation organized and existing under the laws of Germany, having a place of business at Van-der-Smissen Strasse 1, 22767 Hamburg, Germany.

7. Alfred E. Tiefenbacher (GmbH & Co. KG) is the parent company of AET Pharma US, Inc. and AET Laboratories Private Limited. *See Harmony Biosciences, LLC et al. v. AET*

2

*Pharma US, Inc. et al.*, C.A. No. 24-941 (JLH) (D. Del.), D.I. 11. Alfred E. Tiefenbacher (GmbH & Co. KG), AET Pharma US, Inc., and AET Laboratories Private Limited are part of the Tiefenbacher Group. *See Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 18.

8.    On information and belief, Alfred E. Tiefenbacher (GmbH & Co. KG) owns the AET ANDA.

9.    On information and belief, AET Pharma US, Inc. and AET Laboratories Private Limited act at the direction, and for the benefit, of Alfred E. Tiefenbacher (GmbH & Co. KG), and each is controlled and/or dominated by Alfred E. Tiefenbacher (GmbH & Co. KG).

10.    On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

11.    On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products in the United States.

12.    For example, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) collaborated with regard to the development, regulatory approval, and manufacture of the generic posaconazole product subject to ANDA No. 213454. Alfred E. Tiefenbacher (GmbH & Co. KG) issued a press release dated February 8, 2021, which is still available on its website and states, "AET Pharma US Inc, part of TIEFENBACHER

3

GROUP, received FDA approval of the Abbreviated New Drug Application (ANDA) for Posaconazole in 100 mg Delayed-Release Tablets."[1]

13.    The press release further states that AET's generic posaconazole product was developed by and is manufactured at AET's facility in Hyderabad, India.  The label for AET Pharma US Inc.'s approved posaconazole ANDA product identifies "AET Laboratories Private Limited" as the drug product manufacturer.[2]  The Tiefenbacher Group website memorializes the "Tiefenbacher Group AET Laboratories 20th anniversary celebration" and shows that "AET Laboratories [Private Limited]" is the Tiefenbacher Group's "development and manufacturing site in Hyderabad, India."[3]

14.    On information and belief, AET Laboratories Private Limited develops, manufactures, tests, packages, stores, and releases generic solid oral dosage forms for sale in the United States and provides information for regulatory submissions to obtain approval for such generic products.

15.    On information and belief, the Tiefenbacher Group sometimes refers to AET Laboratories Private Limited as Tiefenbacher Laboratories or AET Laboratories India.

16.    In *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), counsel for AET Pharma US, Inc. represented that "AET Pharma US was

---

[1] *See* Ex. B, Tiefenbacher Group, "AET Pharma US Inc., Part of Tiefenbacher, approval of Abbreviated New Drug Application (ANDA) for Posaconazole," https://tiefenbachergroup.com/news/aet-pharma-us-inc-part-of-tiefenbacher-approval-of-abbreviated-new-drug-application-anda-for-posaconazole/ (*last accessed 4/8/2026*).

[2] *See* Ex. C, NIH Library of Medicine, DailyMed, "Label: Posaconazole tablet, delayed release," https://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?setid=548124ce-8050-46a9-967b-ff23dfb18633 (*last accessed 4/8/2026*).

[3] *See* Ex. D, Tiefenbacher Group, "Tiefenbacher Group AET Laboratories 20th anniversary celebration," https://tiefenbacher-api.com/news/tiefenbacher-group-aet-laboratories-20th-anniversary-celebration/ (*last accessed 4/8/2026*)

not involved in research and development of the ANDA Products, API selection, and testing." *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 27. Tasks necessary for preparation and submission of the AET ANDA, such as the research and development of the ANDA Products, API selection, and testing were performed by other entities in the Tiefenbacher Group, specifically, AET Laboratories Private Limited. *Id.*

17. AET's 2024 Product List indicates that AET's generic pitolisant tablets were developed "in-house" and will be manufactured in a Zone IVb environment.[4] India is a Zone IVb environment. *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 28. Tiefenbacher Laboratories (*i.e.,* AET Laboratories Private Limited) in Hyderabad, India is the only facility identified in AET's 2024 Product List as an FDA-approved manufacturing facility, indicating that it is the AET manufacturing facility used for the generic pitolisant tablet products intended for the United States market.

18. AET Laboratories Private Limited was and is involved in the development and manufacture of AET's generic pitolisant tablets. *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), D.I. 137 ¶ 29.

19. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) caused the AET ANDA to be submitted to FDA and seek approval of that application to permit AET to market generic versions of WAKIX® tablets in the United States.

20. On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) acted collaboratively in the preparation

---

[4] *See* Ex. E, Tiefenbacher Group, "Tiefenbacher FDF Product List," https://tiefenbacher-pharmaceuticals.com/wp-content/uploads/2024/04/TIEFENBACHER-FDF-PRODUCT-LIST-2024.pdf (*last accessed 4/8/2026*)

and submission of the AET ANDA and continue to act collaboratively in pursuing FDA approval of the AET ANDA and seeking to market the proposed generic pitolisant hydrochloride tablets described in the application.

21.    On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) intend to commercially manufacture, market, offer for sale, and sell the products described in ANDA No. 218892 ("AET ANDA Products") throughout the United States, including in the State of Delaware, upon FDA approval of the AET ANDA.

22.    On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) rely on material assistance from one other to obtain regulatory approval for, develop, manufacture, market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware.  On information and belief, AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the AET ANDA Products, in the event FDA approves the AET ANDA.

23.    On information and belief, Defendant Sandoz Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 College Road West, Princeton, NJ 08540.

24.    On information and belief, Defendant Sandoz Private Limited is a private limited liability company organized and existing under the laws of India, having a principal place of business at Plot No. 8-A/2 and 8-B, TTC Industrial Area Kalwe Block, Village Dighe, Navi Mumbai, Maharashtra 400 708, India.

25.     On information and belief, Defendant Sandoz GmbH is a corporation organized and existing under the laws of the Republic of Austria, having a principal place of business at Biochemiestrasse 10, Kundl, Tyrol A-6250, Austria.

26.     On information and belief, Sandoz Inc., Sandoz Private Limited, and Sandoz GmbH are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

27.     On information and belief, Sandoz Inc., Sandoz Private Limited, and Sandoz GmbH collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products in the United States.

28.     On information and belief, Sandoz is AET's commercial partner with respect to the AET ANDA Products within the United States.

29.     On information and belief, AET and Sandoz act collaboratively in pursuing FDA approval of the AET ANDA and seeking to market the proposed generic pitolisant hydrochloride tablets described in the application.

## WAKIX®

30.     WAKIX® is a first-in-class drug indicated for the treatment of excessive daytime sleepiness ("EDS") or cataplexy in patients with narcolepsy.

31.     Narcolepsy is a debilitating disease that can severely affect a patient's day-to-day functioning and can have a devastating impact on quality of life.

32.     WAKIX®'s active ingredient, pitolisant hydrochloride, is an antagonist/inverse agonist of the histamine-3 ($H_3$) receptor.

33.     WAKIX® first received FDA approval on August 14, 2019.  It is the first FDA-approved $H_3$ receptor antagonist/inverse agonist and the first FDA-approved once-daily tablet for

treatment of EDS and cataplexy in narcolepsy.  It is also the only FDA-approved treatment for EDS and cataplexy in narcolepsy that is not a scheduled controlled substance.

34.     WAKIX® was granted orphan drug exclusivity for the treatment of excessive daytime sleepiness in adult patients with narcolepsy and for the treatment of cataplexy in adult patients with narcolepsy; fast track designation for the treatment of excessive daytime sleepiness and cataplexy in patients with narcolepsy; and breakthrough therapy designation for the treatment of cataplexy in people with narcolepsy.

35.     WAKIX® is available in film-coated tablets containing 5 mg or 20 mg of pitolisant hydrochloride (equivalent to 4.45 mg or 17.8 mg of pitolisant free base, respectively).

36.     The labeling for WAKIX® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer and/or use WAKIX® for the treatment of EDS or cataplexy in patients with narcolepsy.

### THE '920 PATENT

37.     The '920 Patent is entitled "Process for Preparing Pitolisant Hydrochloride and Solid-State Forms Thereof," and was duly and lawfully issued by the USPTO on April 11, 2023. The '920 Patent is attached hereto as Exhibit A.

38.     The claims of the '920 Patent are directed to, *inter alia*, amorphous solid dispersions including pitolisant hydrochloride, processes by which such solid dispersions are made, pharmaceutical compositions comprising such solid dispersions, and methods of treatment with such pharmaceutical compositions.

39.     Novitium is the owner and assignee of the '920 Patent.

40.     On January 11, 2026, Novitium granted Harmony Biosciences Management, Inc. an exclusive license to various intellectual property rights, including to the '920 Patent with respect to WAKIX®.

8

41.     Plaintiffs own all rights, title, and interest in and to the '920 Patent.

**AET'S ANDA NO. 218892**

42.     Defendants have submitted the AET ANDA to FDA, or caused the AET ANDA to be submitted to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a purported generic version of WAKIX® prior to the expiration of the '920 Patent.

43.     AET sent a letter to Harmony, dated October 14, 2023, identified as "Pitolisant tablets, 4.45 mg and 17.8 mg, ANDA No. 218892, Notice of Paragraph IV Certification for U.S. Patent Nos. 8,207,197 and 8,486,947."  AET's October 14, 2023 Notice Letter represented that AET had submitted to FDA the AET ANDA and a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the AET ANDA before the expiration of U.S. Patent Nos. 8,207,197 ("the '197 Patent") and 8,486,947 ("the '947 Patent"), which are patents listed in the Orange Book for WAKIX®.

44.     The '197 Patent expires on March 7, 2030, and the '947 Patent expires on September 26, 2029.  Thus, on information and belief, AET's purpose in submitting the AET ANDA is to manufacture and market the AET ANDA Products before September 26, 2029, which is before the expiration of the '920 Patent.

45.     On November 21, 2023, the litigation captioned *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1340 (JLH) (D. Del.) was filed against, *inter alia*, AET Pharma US, Inc. alleging patent infringement of the '947 Patent and the '197 Patent arising from the submission of the AET ANDA.  On April 15, 2024, C.A. No. 23-1340 was consolidated with *Harmony Biosciences, LLC et al. v. Lupin Limited et al.*, C.A. No. 23-1286 (JLH) (D. Del).

46.     AET sent a second Notice Letter to Harmony dated August 7, 2024.  AET's August 7, 2024 Notice Letter represented that AET had submitted to FDA the AET ANDA and a Paragraph

IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the AET ANDA before the expiration of the patents listed in the Orange Book for WAKIX®. Thus, on information and belief, AET's purpose in submitting the AET ANDA remains to manufacture and market the AET ANDA Products before September 26, 2029, and thus before the expiration of the '920 Patent.

47. On August 13, 2024, the litigation captioned *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 24-941 (JLH) (D. Del.) was filed against AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG), for patent infringement of the '947 Patent and the '197 Patent arising from Harmony's receipt of AET's August 7, 2024 Notice Letter, which case was consolidated with C.A. No. 23-1286 on October 4, 2024.

48. On information and belief, AET was responsible for the submission of the AET ANDA, participated in the preparation and submission of the AET ANDA, and intends to support the further prosecution of the AET ANDA.

49. On information and belief, Sandoz serves as a commercial partner to AET with respect to the AET ANDA Products and has active involvement in AET's preparation and prosecution of the AET ANDA.

50. With the submission of the AET ANDA, Defendants seek approval of a drug claimed in a patent or the use of which is claimed in a patent with the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of the AET ANDA Products before the expiration of such patent (here, the '920 Patent). Thus, Defendants have committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

51. If Defendants engage in the commercial manufacture, use, offer to sell, sale, or importation of the AET ANDA Products prior to the expiration of the '920 Patent, they will infringe, contribute to the infringement of, and/or induce the infringement of the '920 Patent under one or more of 35 U.S.C. § 271(a), (b), (c), and/or (g).

## THE AET ANDA PRODUCTS

52. The AET ANDA Products comprise a solid dispersion of pitolisant hydrochloride and maltodextrin.

53. Maltodextrin is a pharmaceutically acceptable excipient and a water-soluble sugar excipient.

54. At trial for *Harmony Biosciences, LLC et al. v. AET Pharma US, Inc. et al.*, C.A. No. 23-1286 (JLH) (D. Del.), counsel for AET represented that the solid dispersion of the AET ANDA Products is completely amorphous.

55. At the trial, a corporate representative of AET similarly testified that there is 100 percent amorphous API in the finished AET ANDA product.

56. On information and belief, the solid dispersion of the AET ANDA Products is obtained by a process which comprises: (a) combining pitolisant hydrochloride with water, a solvent; (b) adding maltodextrin to said water; and (c) removing the water from the reaction mass by spray granulation.

57. On information and belief, the AET ANDA Products comprise a therapeutically effective amount of a solid dispersion comprising pitolisant hydrochloride and a pharmaceutically acceptable excipient. The quantity of pitolisant purported to be contained in the AET ANDA Products, 4.45 mg and 17.8 mg, matches the quantity of pitolisant free base equivalent in WAKIX®, which has been determined by FDA to be effective for treatment of EDS and cataplexy in narcolepsy.

11

58. On information and belief, upon FDA approval of the AET ANDA Products, Defendants intend to manufacture, market, sell, and offer to sell the AET ANDA Products with an FDA-approved product insert that will direct physicians and patients in the use of the AET ANDA Products. On information and belief, the package insert will indicate that the AET ANDA Products should be administered to a narcoleptic adult for the treatment of excessive daytime sleepiness or cataplexy.

## JURISDICTION AND VENUE

59. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and for a declaratory judgement of infringement of the '920 Patent. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

60. This Court has personal jurisdiction over AET Pharma US, Inc. because it is a corporation organized and existing under the laws of the State of Delaware. AET Pharma US, Inc. is registered to do business as a domestic corporation in Delaware (File Number 5467023).

61. Additionally, this Court has personal jurisdiction over AET Pharma US, Inc., AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) because, on information and belief, each has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell the AET ANDA Products in the State of Delaware upon approval of the AET ANDA.

62. On information and belief, AET is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products,

either directly or through subsidiaries, agents, and/or alter egos, throughout the United States, including in Delaware.

63.     On or about July 4, 2024, the Tiefenbacher Group touted on its website its efforts to expand its relationship with customers and partners in the United States.[5]

64.     On information and belief, AET is licensed to sell pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

65.     On information and belief, and as indicated by AET's October 14, 2023 Notice Letter and August 7, 2024 Notice Letter sent to Harmony pursuant to 21 U.S.C. § 355(j)(2)(B), AET prepared and filed the AET ANDA with the intention of seeking to market the AET ANDA Products nationwide, including in Delaware.

66.     On information and belief, AET plans to sell the AET ANDA Products in the State of Delaware, list the AET ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the AET ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

67.     On information and belief, AET knows and intends that the AET ANDA Products will be distributed and sold in the State of Delaware and will thereby displace sales of WAKIX®, causing injury to Plaintiffs.  AET intends to take advantage of its channels of distribution in Delaware for the sale of the AET ANDA Products.

68.     Alternatively, this Court has personal jurisdiction over AET Laboratories Private Limited and Alfred E. Tiefenbacher (GmbH & Co. KG) because the requirements of Federal Rule

---

[5] *See* Ex. F, Tiefenbacher Group, "Tiefenbacher Group Celebrating US Independence Day," https://tiefenbacher-pharmaceuticals.com/news/tiefenbacher-group-celebrating-us-independence-day/ (*last accessed 4/8/2026*).

of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) each is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) each has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the AET ANDA, and/or manufacturing and/or selling pharmaceutical products throughout the United States including in Delaware, such that this Court's exercise of jurisdiction over AET Laboratories Private Limited, and Alfred E. Tiefenbacher (GmbH & Co. KG) satisfies due process.

69.   This Court has personal jurisdiction over Sandoz Inc. because it is a corporation organized and existing under the laws of Delaware.  On information and belief, Sandoz Inc. is registered to do business as a domestic corporation in Delaware (File Number 7944830).

70.   Additionally, this Court has personal jurisdiction over Sandoz Inc., Sandoz Private Limited, and Sandoz GmbH because, on information and belief, each has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell the AET ANDA Products in the State of Delaware upon approval of the AET ANDA.

71.   On information and belief, Sandoz is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, throughout the United States, including in Delaware.

72.     On information and belief, Sandoz is licensed to sell pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

73.     On information and belief, Sandoz plans to sell the AET ANDA Products in the State of Delaware, list the AET ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the AET ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

74.     On information and belief, Sandoz knows and intends that the AET ANDA Products will be distributed and sold in the State of Delaware and will thereby displace sales of WAKIX®, causing injury to Plaintiffs.  Sandoz intends to take advantage of its channels of distribution in Delaware for the sale of the AET ANDA Products.

75.     Alternatively, this Court has personal jurisdiction over Sandoz Private Limited and Sandoz GmbH because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) each is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) each has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the AET ANDA, and/or manufacturing and/or selling pharmaceutical products throughout the United States including in Delaware, such that this Court's exercise of jurisdiction over Sandoz Private Limited and Sandoz GmbH satisfies due process.

76.     Sandoz Inc. regularly invokes the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this judicial district.  *See, e.g.*, *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 23-819-GBW-CJB, D.I.

22 (D. Del. Aug. 23, 2023); *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 22-1423-RGA, D.I. 43 (D. Del. Feb. 6, 2023); *Array BioPharma, Inc. v. Sandoz Inc.*, C.A. No. 22-1316-GBW, D.I. 12 (D. Del. Nov. 2, 2022). Sandoz Inc. has also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See, e.g.*, *Astellas Pharma Inc. et al. v. Lupin Ltd. et al.*, C.A. No. 23-819-GBW-CJB, D.I. 22 (D. Del. Aug. 23, 2023); *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 22-1423-RGA, D.I. 43 (D. Del. Feb. 6, 2023); *Array BioPharma, Inc. v. Sandoz Inc.*, C.A. No. 22-1316-GBW, D.I. 12 (D. Del. Nov. 2, 2022).

77. Venue is proper in this district for AET Pharma US, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, it is a corporation organized and existing under the laws of the State of Delaware.

78. Venue is proper in this district for AET Laboratories Private Limited and Alfred E. Tiefenbacher (GmbH & Co. KG) pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because, *inter alia*, each is a foreign corporation and may be sued in any judicial district, and each is subject to personal jurisdiction in Delaware.

79. Venue is proper in this district for Sandoz Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, it is a corporation organized and existing under the laws of the State of Delaware.

80. Venue is proper in this district for Sandoz Private Limited and Sandoz GmbH pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because, *inter alia*, each is a foreign corporation and may be sued in any judicial district, and each is subject to personal jurisdiction in Delaware.

## COUNT I
## INFRINGEMENT OF THE '920 PATENT

81.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

82.     On information and belief, Defendants have submitted and/or caused, contributed or induced the submission of the AET ANDA to FDA and continue to seek FDA approval of the AET ANDA.

83.     As set forth Paragraphs 52-58, which are incorporated herein, Defendants' submission of the AET ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of the AET ANDA Products, prior to the expiration of the '920 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claims 1, 2, 6, 29, and 30.

84.     On information and belief, the AET ANDA Products and/or their use in accordance with the package insert proposed in the AET ANDA satisfies each and every element of at least claims 1, 2, 6, 29, and 30 of the '920 Patent.

85.     On information and belief, Defendants had actual knowledge of the '920 Patent prior to submitting the AET ANDA and were aware that the submission of the AET ANDA with the request for FDA approval prior to the expiration of the '920 Patent would constitute an act of infringement of the '920 Patent.

86.     On information and belief, if the AET ANDA Products are approved, the AET ANDA Products will be made, used, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through AET, Sandoz and their affiliates, directly infringing the '920 Patent.

87.    Unless enjoined by this Court, upon FDA approval of AET's ANDA, Defendants will infringe one or more claims of the '920 Patent under 35 U.S.C. § 271(a) and/or (g), including at least claims 1, 2, 6, 29, and 30, by making, using, offering to sell, selling, and/or importing the AET ANDA Products in the United States, including in the State of Delaware.

88.    Unless enjoined by this Court, upon FDA approval of AET's ANDA, Defendants will actively induce and/or contribute to the infringement of one or more claims of the '920 Patent under 35 U.S.C. § 271(b) and/or (c), including at least claims 1, 2, 6, 29, and 30, by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '920 Patent and knowledge that they are encouraging infringement.

89.    There is a real, substantial and continuing justiciable controversy between the parties hereto as to the infringement of the '920 Patent.

90.    Plaintiffs will be substantially and irreparably harmed if Defendants are not enjoined from infringing the '920 Patent.  Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

91.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '920 PATENT

92.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

93.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

94.    On information and belief, Defendants have submitted or caused the submission of the AET ANDA to FDA and continue to seek FDA approval of the AET ANDA.

95.    On information and belief, Defendants have made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States the AET ANDA Products.

96.    As set forth Paragraphs 52-58, which are incorporated herein, the AET ANDA Products and/or their use in accordance with the package insert proposed in the AET ANDA satisfies each and every element of at least claims 1, 2, 6, 29, and 30 of the '920 Patent.

97.    On information and belief, Defendants have actual knowledge of the '920 Patent and are aware that the manufacture, use, sale, and/or importation of the AET ANDA Products prior to the expiration of the '920 Patent will constitute an act of infringement of the '920 Patent.

98.    On information and belief, if the AET ANDA Products are approved, the AET ANDA Products will be made, used, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through AET, Sandoz and their affiliates, directly infringing the '920 Patent.

99.    Unless enjoined by this Court, upon FDA approval of the AET ANDA, Defendants will infringe one or more claims of the '920 Patent under 35 U.S.C. § 271(a) and/or (g), including at least claims 1, 2, 6, 29, and 30, by making, using, offering to sell, selling, and/or importing the AET ANDA Products in the United States, including in the State of Delaware.

100.    Unless enjoined by this Court, upon FDA approval of the AET ANDA, Defendants will actively induce and/or contribute to the infringement of one or more claims of the '920 Patent

under 35 U.S.C. § 271(b) and/or (c), including at least claims 1, 2, 6, 29, and 30, by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '920 Patent and knowledge that they are encouraging infringement.

101.    As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between for the parties hereto as to the infringement of the '920 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

102.    Plaintiffs will be substantially and irreparably harmed if Defendants are not enjoined from infringing the '920 Patent.  Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Defendants, a remedy in equity is warranted.  Further, the public interest would not be disserved by the entry of a permanent injunction.

103.    This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a.    A judgment that Defendants have infringed one or more claims of the '920 Patent under 35 U.S.C. § 271(e)(2)(A);

b.    A judgment that, under one or more of 35 U.S.C. § 271(a), (b), (c), and/or (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the AET ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '920 Patent;

20

c.    A declaratory judgment that, under one or more of 35 U.S.C. § 271(a), (b), (c), and/or (g), Defendants' commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the AET ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '920 Patent;

d.    The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of AET's ANDA No. 218892 shall be no earlier than the expiration date of the '920 Patent, or any later expiration of exclusivity for the '920 Patent, including any extensions or regulatory exclusivities;

e.    A permanent injunction restraining and enjoining Defendants, their affiliates and subsidiaries, and all persons and entities acting in concert with Defendants, from commercially manufacturing, using, offering for sale, or selling or importing into the United States the AET ANDA Products, until the day after expiration of the '920 Patent, including any additional exclusivity period applicable to that patent, and from otherwise infringing the claims of the '920 Patent;

f.    An award of damages or other relief in an amount to be determined at trial including both pre-judgment and post-judgment interest, if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the AET ANDA Products, or any product that infringes the '920 Patent, or induce or contribute to such conduct, prior to the expiration of the '920 Patent or any later expiration of exclusivity for the '920 Patent, including any extensions or regulatory exclusivities;

g.    The entry of a judgment declaring that Defendants' acts render this case an exceptional case and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. § 285;

h.    An award to Plaintiffs of their costs and expenses in this action; and

21

i.       Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

Alexander B. Spiro
Matthew A. Traupman
Laura L. Fairneny
Nicola R. Felice
Abigail M. Graegin
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Harmony Biosciences Management, Inc.*

John L. Yang
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
3100 McKinnon Street, Suite 1125
Dallas, TX 75201
(469) 902-3600

Christopher N. Sipes
Brianne (Bharkhda) Sullivan
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
(415) 591-6000

23

SHAW KELLER LLP

OF COUNSEL:

Nicholas K. Mitrokostas
Shaobo Zhu
WHITE & CASE LLP
75 State Street
Boston, MA 02109
(617) 979-9300

Michelle Bone
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600

April 20, 2026

/s/ Nathan R. Hoeschen
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19081
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Plaintiff Novitium Pharma LLC*

24